Raymond O. Griffith
300 E. Lombard Street, Suite 1030
Baltimore, MD 21202
Tel.: 410-244-5005
Fax: 443-817-0867
Email: ray@raygriffithlaw.com

Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **BONILLA MARTINEZ, Oscar Arquimides** **A062-488-499** | ) ) ) | Case No. _____ |
| Petitioner, | ) ) | **PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | ) ) | |
| **NIKITA BAKER,** Acting Director of Baltimore Field Office, U.S. Immigration and Customs Enforcement; and | ) ) ) ) | |
| **KRISTI NOEM,** Secretary of the U.S. Department of Homeland Security; | ) ) ) | |
| Respondents. | ) ) ) | |

## **INTRODUCTION**

1.      Petitioner Oscar Arquimides Bonilla Martinez ("Petitioner" or "Mr. Bonilla Martinez), is

a citizen and national of El Salvador who on March 8, 2022, was granted Deferral of

Removal under the Convention Against Torture (the "Deferral of Removal Order") in the

Baltimore, Maryland Immigration Court. The Deferral of Removal Order prohibits his

removal to El Salvador due to the likelihood of the Petitioner suffering torture or death if

he were to be removed to El Salvador. The Deferral of Removal Order was agreed upon

1

by the parties from the Department of Homeland Security ("DHS") as a stipulated order given the overwhelming evidence supporting the Petitioner's underlying claims.

2.  Mr. Bonilla Martinez was unlawfully detained on June 21, 2025 after he reported to the Baltimore Field Office of Immigration and Customs Enforcement ("ICE"), Department of Homeland Security located at 31 Hopkins Plaza, 6th Floor, Baltimore, Maryland 21201 (the "Baltimore ICE Facility").

3.  The detention of Mr. Bonilla Martinez by ICE is unlawful for several reasons. First, ICE is prohibited by the Deferral of Removal Order from Removing Mr. Bonilla Martinez to El Salvador as such order is still in full effect.  Mr. Bonilla Martinez continues to fear for his life and safety in El Salvador, citing the same concerns as his original application for relief under Asylum, Withholding, and Withholding of Removal under CAT. Additionally, ICE is prohibited from removing Mr. Bonilla Martinez to any other third country as no other country was ever designated for removal by the DHS during immigration proceedings and ICE has not initiated the proper legal proceedings to legally remove Mr. Bonilla Martinez to a third country other than his native El Salvador. Based upon information and belief, Mr. Bonilla Martinez was detained by ICE for the sole purpose of conducting an unlawful removal from the United States to either El Salvador or an unknown third country.

4.  Absent an order from this Court, Petitioner will be transferred to an immigration detention facility outside the State of Maryland. Such transfer of Petitioner will lead to him losing all meaningful ability to properly defend his legal rights as he has no meaningful ties outside of the State of Maryland and his legal counsel is located in the State of Maryland.

5.    Consequently, the Petitioner will be removed either to his native country of El Salvador or to an unknown third country that has never been designated by the DHS.

6.    Petitioner asks this Court to find that the detention of Mr. Bonilla Martinez by ICE is unlawful and to order him to be released from its custody.

## JURISDICTION

7.    This action arises under the Constitution of the United States and the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1101 *et seq.*

8.    This Court has subject matter jurisdiction under 28 U.S.C. § 2241 ("habeas corpus"), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (the "Suspension Clause").

9.    This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

10.   Venue is proper because Petitioner is detained at the Baltimore Hold Room of the Baltimore Field Office of ICE in Baltimore, Maryland, which is within the jurisdiction of this District. The detention of Petitioner in Baltimore, Maryland by ICE has been verified by under-signed counsel as of Tuesday, June 24, 2025 with evidence of such verification attached as an exhibit to this Petition.

## REQUIREMENTS OF 28 U.S.C. § 2243

11.   The Court must grant the petition for writ of habeas corpus or issue an order to show cause ("OSC") to the respondents "forthwith," unless the petitioner is not entitled to relief. See 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require

respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

12.     Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." See Fay v. Noia, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

13.     Petitioner is a native and citizen of El Salvador who is a grantee of the Deferral of Removal Order under the Convention against Torture issued by EOIR on March 8, 2022. Petitioner is currently detained at the Baltimore Hold Room of the Baltimore Field Office of ICE in the State of Maryland located at 31 Hopkins Plaza, 6th Floor, Baltimore, Maryland 21201. Mr. Bonilla Martinez is in the custody, and under the direct control, of Respondents and their agents.

14.     Respondent Nikita Baker is sued in her official capacity as the Acting Director of the Baltimore Field Office of ICE. Respondent Nikita Baker has immediate physical custody of the Petitioner and is a legal custodian of Petitioner and has the authority to release him.

15.     Respondent Kristi Noem is sued in her official capacity as the Secretary of the DHS. In this capacity, Respondent Kristi Noem is responsible for the implementation and enforcement of the INA, and oversees ICE, the component agency directly responsible for Petitioner's detention. Respondent Kristi Noem is a legal custodian of Petitioner.

## STATEMENT OF FACTS

16.   Mr. Bonilla Martinez is a 24-year-old citizen of El Salvador who arrived in the United
      States on or about March 13, 2013 as a lawful permanent resident.

17.   Mr. Bonilla Martinez was issued a Notice to Appear ("NTA") on November 4, 2021.
      The NTA alleges that Mr. Bonilla Martinez (1) was not a citizen of the United States; (2)
      was a native and citizen of El Salvador; (3) entered the United States on or about March
      13, 2013 as a permanent resident at Los Angeles, CA; and (4) on October 29, 2020 was
      convicted in the Circuit Court at Frederick, Maryland of the Armed Robbery in violation
      of Criminal Law Article 3-403 of the Annotated Code of Maryland.

18.   Mr. Bonilla Martinez applied for Asylum, Withholding of Removal and Protection under
      the Convention against Torture before the EOIR. Mr. Bonilla Martinez was granted the
      Deferral of Removal Order by stipulation with the DHS on March 8, 2022. The Deferral
      of Removal Order prohibits the DHS from removing Mr. Bonilla Martinez to El
      Salvador.

19.   After being granted the Deferral of Removal Order, Mr. Bonilla Martinez has continued
      residing in the State of Maryland where he has been gainfully employed and has been in
      full compliance with all laws of the State of Maryland and the United States.

20.   Mr. Bonilla Martinez contacted under-signed counsel on June 24, 2025 through his
      mother, Ana Martinez. The Petitioner's mother told under-signed counsel that he was
      located at the Baltimore ICE Facility and that ICE had informed him that he was being
      detained pending review of his case for removal.

21.   Mr. Bonilla Martinez's mother told the undersigned counsel that Mr. Bonilla Martinez
      was being detained because officers stated his protection under CAT was only valid for
      three years, and as such had expired.  Mr. Bonilla Martinez's mother was told that she

must purchase a plane ticket for Mr. Bonilla Martinez to El Salvador on her own to save Mr. Bonilla Martinez from being transferred from his current Holding Room to a yet-unknown location.

## LEGAL FRAMEWORK

22.    Mr. Bonilla Martinez is being unlawfully detained by ICE for removal, either to his native country of El Salvador or to a third country that has not yet been communicated to Mr. Bonilla Martinez or under-signed counsel. Removal of Mr. Bonilla Martinez to El Salvador would be unlawful as the Deferral of Removal Order to Mr. Bonilla Martinez issued by the immigration judge on March 8, 2022 is still in full legal effect, despite what the ICE officers have told Mr. Bonilla Martinez and his mother.

23.    Removal of Mr. Bonilla Martinez to a third country other than El Salvador would be unlawful given that the DHS never designated any other country of removal for Mr. Bonilla Martinez and the immigration judge did not enter an alternate country of removal for the Petitioner. As such, any removal to a non-designated country of removal without the DHS following the proper legal procedures would be unlawful.

24.    Additionally, the DHS does not have any significant likelihood of legally removing Mr. Bonilla Martinez in the near future, which makes his current detention by ICE unlawful. Under Zadvydas v. Davis, 533 U.S. 678 (2001), individuals such as Mr. Bonilla Martinez cannot be detained post 180 days after the Deferral of Removal Order has been entered unless there is a significant likelihood of legally removing Mr. Bonilla Martinez in the near future. There cannot be any significant likelihood of legally removing Mr. Bonilla Martinez in the near future to El Salvador given the previously detailed lack of legal procedure for legally overcoming the Deferral of Removal Order. There cannot be any

6

significant likelihood of legally removing Mr. Bonilla Martinez to a country other than El Salvador due to the lack of designation of a third country for removal and the lack of any legal proceedings by DHS required by statute to remove Mr. Bonilla Martinez to such third country.

25.    Additionally, Mr. Bonilla Martinez runs the risk of being indirectly removed to El Salvador via removal to a third country willing to accept him. The possibility of indirect removal to El Salvador would also be unlawful and is prohibited by the Deferral of Removal Order. The risk of indirect removal to El Salvador via a third country is more likely than not as there are currently no known third countries willing to accept citizens of El Salvador for removal with a grant of permanent residence that would allow them to reside permanent in such third country.

26.     Under such regulation, ICE can only detain Mr. Bonilla Martinez for cause, as listed under such regulation, which include violations of the conditions of release or conduct by the Petitioner. Upon information and belief, there have been no additional charges against Mr. Bonilla Martinez since his arrest noted in his NTA that constitute conduct listed under the implementing regulation that would warrant his detention by ICE. Additionally, ICE has not in any way followed the legal notice requirements of such regulation for the legal detention of Mr. Bonilla Martinez to legally enforce his removal.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

27.    The allegations in the above paragraphs are realleged and incorporated herein.

28.    The detention of Mr. Bonilla Martinez by ICE is a blatant violation of the Fifth

Amendment of the Constitution of the United States as it is based solely with the purpose

to unlawfully remove him from the United States.

29.    ICE is prohibited from using the power of detention granted by Congress under the INA

for unlawful purposes. In this case, ICE is detaining Mr. Bonilla Martinez for the sole

purpose of removing him from the United States to either El Salvador, coercing him to

leave on his own accord under the threat of transferring him for removal, or removing

him or an unknown third country without proper legal process. The unlawful basis of this

removal is easily deduced by the fact that ICE has not followed any of the required

statutory and regulatory procedures for removing Mr. Bonilla Martinez either to El

Salvador or to a third country.

30.    Additionally, under-signed counsel entered his appearance electronically via the ICE

electronic service portal  on June 24, 2025 at 4:27 pm in order to ensure that ICE

provides the required legal notices for the detention and removal of Mr. Bonilla Martinez.

ICE has both the statutory and regulatory obligation to provide legal notices to under-

signed counsel. Additionally, ICE is under a preliminary injunction issued in D.V.D. v.

DHS, No. 1:25-cv-10676-BEM (D. Mass., filed Mar. 23, 2025). ICE is under court order

to provide under-signed counsel with legal notices in cases where they are attempting to

remove an individual granted withholding of removal to a third country upon entry of

appearance. As of the filing of the instant Petition, no such notices has been received by

under-signed counsel.

31.    For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth

Amendment.

## COUNT TWO
### Violation of 8 U.S.C. § 1231 and Implementing Regulations

32.    The allegations in the above paragraphs are realleged and incorporated herein.

33.    The detention by ICE of Mr. Bonilla Martinez is also a violation of 8 U.S.C. § 1231 and 8 C.F.R. § 241.4 as there does not exist any legal reason to detain Mr. Bonilla Martinez and none of the procedures under both statute and regulation have been followed by ICE.

34.    Under 8 C.F.R. § 241.4, ICE can detain Mr. Bonilla Martinez for cause, by following the proper procedures, if it is determined that (i) The purposes of release have been served; (ii) The alien violates any condition of release; (iii) It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or (iv) The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate. See 8 C.F.R. § 241.4(l)(2).

35.    ICE has not provided either under-signed counsel or Mr. Bonilla Martinez of any of the listed reasons for detaining Petitioner under 8 C.F.R. § 241.4(l)(2). Mr. Bonilla Martinez has also not violated any condition of his release or engaged in any conduct that would make his release inappropriate since the allegations noted in his NTA.

36.    More importantly, ICE has not followed any of the procedures under the regulation to detain Mr. Bonilla Martinez. Specifically, the Petitioner is entitled to notice as to the reason of revocation of his release by ICE and is to be afforded an opportunity to respond to the reasons for such revocation of release. See 8 C.F.R. § 241.4(l)(1).

37.    For these reasons, Petitioner's detention violates 8 U.S.C. § 1231 and 8 C.F.R. § 241.4.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)    Assume jurisdiction over this matter;

(2)  Issue an Order to Show Cause ordering Respondents to show cause why this Petition
should not be granted within three days.

(3)  Declare that Mr. Bonilla Martinez's detention violates the Due Process Clause of the
Fifth Amendment, 8 U.S.C. § 1231 and/or 8 C.F.R. § 241.4

(4)  Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

(5)  Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on
any other basis justified under law; and

(6)  Grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/ Raymond O. Griffith
300 E. Lombard Street, Suite 1030
Baltimore, MD 21202
Tel.: 410-244-5005
Fax: 443-817-0867
Email: ray@raygriffithlaw.com

Attorney for Petitioner

Dated: June 24, 2025

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Mr. Oscar Arquimides Bonilla Martinez, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 24th day of June, 2025.

/s/ Raymond O. Griffith
300 E. Lombard Street, Suite 1030
Baltimore, MD 21202
Tel.: 410-244-5005
Fax: 443-817-0867
Email: ray@raygriffithlaw.com

Attorney for Petitioner

11

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **BONILLA MARTINEZ, Oscar Arquimides**<br>A062-488-499 | ) ) ) | Case No. _____ |
| Petitioner, | ) ) ) | **PETITION FOR WRIT OF**<br>**HABEAS CORPUS** |
| v. | ) ) | |
| **NIKITA BAKER,** Acting Director of Baltimore<br>Field Office, U.S. Immigration and Customs<br>Enforcement; and | ) ) ) ) | |
| **KRISTI NOEM,** Secretary of the U.S. Department of<br>Homeland Security; | ) ) ) | |
| Respondents. | ) ) ) | |

## CERTIFICATE OF SERVICE

I, Raymond O. Griffith, hereby declare that, pursuant to Federal Rule of Civil Procedure 4(i), on June 24, 2025, I caused to be served the following documents in the above-captioned matter:

- Petition for Writ of Habeas Corpus;

- Application for Order to Show Cause; and

- Civil Cover Sheet

I caused the aforementioned documents to be served by USPS certified mail, return receipt requested, at the following addresses:

U.S. Attorney's Office
36 S. Charles Street 4th Floor
Baltimore, MD 21201

Nikita Baker, Acting Director
Department of Homeland Security
Immigration and Customs Enforcement ERO
Baltimore Field Office
31 Hopkins Plaza, 6th Floor
Baltimore, Maryland 21201

Kristi Noem, Secretary of Homeland Security
Office of General Counsel
U.S. Department of Homeland Security 277
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on June 24, 2025 at Baltimore, Maryland.

/s/ Raymond O. Griffith
300 E. Lombard Street, Suite 1030
Baltimore, MD 21202
Tel.: 410-244-5005
Fax: 443-817-0867
Email: ray@raygriffithlaw.com

Attorney for Petitioner

Dated: June 24, 2025